UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TRAVIS SCOTT SAWYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00140-TWP-KMB |
| | ) |
| OFFICER NUTTER, | ) |
| REBECCA BOWER, Medical Coordinator, | ) |
| MARK GRUBE, Jail Commander, | ) |
| DR. DOO, Jail Doctor, | ) |
| MISS PAULA, Jail Nurse, | ) |
| BEN DOOLEY, Nurse, | ) |
| SHERIFF SCOTT MAPLES, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Partial Summary Judgment filed by Defendants Robert Nutter ("Officer Nutter"), Rebecca Bower ("Ms. Bower"), Mark Grube ("Commander Grube"), Ben Dooley ("Nurse Dooley"), and Sheriff Scott Maples ("Sheriff Maples") (collectively, the "Clark County Defendants") (Dkt. 31). Plaintiff Travis Scott Sawyer ("Mr. Sawyer") filed this action contending his constitutional rights were violated while he was incarcerated at the Clark County Jail (the "Jail"). Sawyer alleges that the Clark County Defendants violated his Fourteenth Amendment rights when they failed to provide appropriate medical care and conditions of confinement after he had surgery and failed to accommodate his confinement to a wheelchair. In its Screening Order, the Court also recognized an Americans with Disabilities Act ("ADA") or Rehabilitation Act claim against Sheriff Maples in his official capacity. *See* Dkt. 10 at 4. Ms. Bower and Officer Nutter move for partial summary judgment arguing that Mr. Sawyer failed to exhaust his available administrative remedies as to some of his claims as required

by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit.[1]  Mr. Sawyer did not respond to the motion, and his time to do so has passed.[2]  For the reasons explained below, the unopposed Motion for Partial Summary Judgment is **granted.** Mr. Sawyer's Motion for case status is **granted** to the extent this Order resolves the exhaustion defense.

### I.     SUMMARY JUDGMENT STANDARD

Parties in a civil dispute may move for summary judgment, which is a way to resolve a case short of a trial.  *See* Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law.  *Id*.; *Pack v. Middlebury Comm. Schs*., 990 F.3d 1013, 1017 (7th Cir. 2021).  A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  "Material facts" are those that might affect the outcome of the suit.  *Id*.

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).  The court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that might be relevant. *Grant v. Tr. of Ind. Univ*., 870 F.3d 562, 573-74 (7th Cir. 2017).

---

[1] Although the Motion for Partial Summary Judgment was brought by the Clark County Defendants which include Robert Nutter, Rebecca Bower, Ben Dooley, Mark Grube, and Sheriff Scott Maples, the partial motion does not move to dismiss any claims against Ben Dooley or Mark Grube and does not address the ADA or Rehabilitation Act claim proceeding against Sheriff Maples in his official capacity.

[2] The Court granted Mr. Sawyer's motion for extension of time on July 17, 2023.  (Dkt. 37.)  He did not respond by the September 15, 2023, deadline or move to extend the deadline again.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Indeed, "[t]he court has no duty to search or consider any part of the record not specifically cited" in accordance with the local rules. S.D. Ind. L.R. 56 1(h); *see* S.D. Ind. L.R. 56 1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. . . . The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.").

## II.    FACTUAL BACKGROUND

Mr. Sawyer failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

At all times relevant to the claims in this suit, Mr. Sawyer was wheelchair-bound and incarcerated in the Clark County Jail. The Court's Screening Order allowed the following Fourteenth Amendment and statutory claims to proceed:

- In March 2021, Dr. Doo, Ms. Bower, and Nurse Paula refused to give him his prescribed medication and ignored him for days at a time;

- In May 2021, Officer Nutter dumped Mr. Sawyer out of his wheelchair and refused to help him back up and Ms. Bower failed to follow-up with Mr. Sawyer's surgeon, so he missed several therapy sessions;

- October 2021, Mr. Sawyer complained about the lack of a handicap-accessible shower and Captain Grube and Nurse Dooley failed to assist him;

- In March 2022, Ms. Bower failed to provide Mr. Sawyer with pain medication prescribed by his surgeon; and

- ADA or Rehabilitation Act claim against Sheriff Maples in his official capacity.

(Dkt. 10 at 2-3.) While Mr. Sawyer alleged that Jail staff failed to care for his open wounds or assist him with bathing in November 2020, that Jail staff refused to assist him maneuvering to the restroom in June 2021, and that he was forced to shower in a lawn chair in August 2021, those claims are not proceeding as separate claims. As the Court explained, Mr. Sawyer did not identify any Defendants personally responsible for those claims. *See* Dkt. 1; dkt. 10 at 4. However, those factual allegations are relevant to support the official capacity claim against Sheriff Maples.

**A.    Inmate Grievance Policy**

The Jail has a standardized offender grievance policy which was in place during the time Mr. Sawyer alleges his rights were violated. The policy was updated on March 31, 2021, but both the previous and updated policies required inmates to file grievances on the Jail's kiosk system and to appeal to the Jail Commander within five business days (under the old policy) or ten business days (under the new policy) if the inmate was not satisfied with the initial response to their grievance.[3] (Dkt. 33-7 at 37-38; Dkt. 33-9 at 1-2.) Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. (Dkt. 33-7 at 40.)

---

[3] The 2021 updated policy also required inmates to file grievances within 72 hours of the alleged incident. (Dkt. 33-7 at 38.)

When inmates are booked into the Jail, they must acknowledge that they have received and read the handbook which contains the grievance policy. (Dkt. 33-1 at 3, ¶ 17.) Inmates also have access to the current handbook and grievance policy on the kiosk at all times. *Id*. at ¶ 19.

B. **Sawyer's Participation in the Grievance Process**

While at the Jail, Mr. Sawyer frequently used the Jail kiosk to submit requests and grievances to Jail staff. *See* Dkt. 33-3; Dkt. 33-4; Dkt. 33-5. Despite his uninterrupted access to the kiosk grievance system, he did not file any grievances related to the November 2020, June 2021, and August 2021 allegations contained in his Complaint. The Court notes that Mr. Sawyer's allegations related to these dates did not name any specific defendants responsible for the alleged constitutional violations on those dates, so the Court informed him that he would need to amend his complaint to proceed with those claims.

Mr. Sawyer's grievance records also reflect that he did not file grievances related to his March 2021 claims against Dr. Doo, Ms. Bower, and Nurse Paula, or his May 2021 claims against Officer Nutter. But Dr. Doo and Nurse Paula did not move for summary judgment on the issue of exhaustion, and Ms. Bower only moved for partial summary judgment as to Mr. Sawyer's March 2021 claim[4]. Counsel for the Clark County Defendants only moved for summary judgment for Ms. Bower as to the March 2021 claim against her. Because the record supports Ms. Bower's assertion that Mr. Sawyer failed to exhaust this claim, the Court grants summary judgment as to that claim for Ms. Bower. However, because exhaustion is an affirmative defense, the March 2021 claim shall proceed against Dr. Doo and Nurse Paula. In addition, Commander Grube and Nurse Dooley did not move for summary judgment as to Mr. Sawyer's claims against them arising in

---

[4] It is not clear to the Court who represents Defendants Dooley and Bower. Counsel for the Clark County Defendants and the Medical Defendants (Bower, Doo, Paula, and Dooley), have each appeared for these defendants.

October 2021. Nor did Ms. Bower move for summary judgment as to the March 2022 claim against her.

### III. DISCUSSION

The Clark County Defendants argue that Mr. Sawyer failed to exhaust claims related to his November 2020, March 2021, May 2021 (as to Officer Nutter only), June 2021, and August 2021 allegations. (Dkt. 31.)  The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).  A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Sawyer] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).  "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted).  "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

6

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross,* 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Ms. Bower and Officer Nutter have met their burden of proving that Mr. Sawyer "had available [administrative] remedies that he did not utilize" as to his March 2021 claim against Ms. Bower and his May 2021 claim against Officer Nutter. *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Sawyer was aware of the grievance process. Further, Mr. Sawyer has not responded to their motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by these defendants.

In short, Mr. Sawyer did not complete the available administrative process as to his March 2021 claim against Ms. Bower and his May 2021 claim against Officer Nutter as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that these claims against these Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

To the extent Sheriff Maples intended to move for summary judgment on the ADA or Rehabilitation Act claim against him in his official capacity, Mr. Sawyer's October 2021 grievance regarding a lack of access to shower facilities is sufficient to exhaust that claim. Thus, Sheriff Maples is not entitled to summary judgment.

## IV.  CONCLUSION

For the above reasons, Defendants' unopposed Motion for Partial Summary Judgment, Dkt. [31], is **GRANTED to the extent discussed in Section III**. Because all claims against

Officer Nutter have been dismissed, the **Clerk is directed** to terminate him as a defendant on the docket. No partial judgment shall issue at this time. The claims that remain pending in the action are:

- ADA or Rehabilitation Act claim against Sheriff Maples in his official capacity;

- Fourteenth Amendment claims arising in March 2021 against Defendants Doo and Paula;

- Fourteenth Amendment claim arising in May 2021 against Defendant Bower;

- Fourteenth Amendment claim arising in October 2021 against Defendants Grube and Dooley; and

- Fourteenth Amendment claim arising in March 2022 against Defendant Bower.

The Court will separately issue a scheduling order to facilitate further development and resolution of these claims. Mr. Sawyer's motion for case status, Dkt. [41], is **GRANTED** to the extent this Order resolves the exhaustion defense. The **Clerk is directed** to include a copy of the docket sheet with Mr. Sawyer's copy of this Order.

**SO ORDERED.**

Date: 3/4/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Travis Scott Sawyer
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Brian M. Pierce
BRIAN M. PIERCE, ATTORNEY AT LAW
brian@brianpiercelaw.com